IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 09-cv-01653-MSK-MJW

ADRIENNE JULIE ESPINOZA,

    Plaintiff,

v.

DARREN MAURER,

    Defendant.

---

**ORDER DENYING MOTIONS TO DISMISS,
DENYING MOTION TO STAY PROCEEDINGS, AND
STAYING AND CLOSING CASE**

---

**THIS MATTER** comes before the Court on Defendant Darren Maurer's Motion to Dismiss **(#10)** and supplement **(#11)**, to which the Plaintiff Adrienne Julie Espinoza responded **(#13)**, and Officer Maurer replied **(#16)**; Officer Maurer's Motion to Stay Proceedings **(#12)**, to which Ms. Espinoza responded **(#14)**, and Officer Maurer replied **(#17)**; and Officer Maurer's Renewed Motion to Dismiss **(#28)**. Having considered the same, the Court **FINDS** and **CONCLUDES** the following.

## I. Jurisdiction

The Court exercises its inherent authority to determine its jurisdiction, *see United States v. Ruiz*, 536 U.S. 622, 628 (2002), and, if jurisdiction is found, exercises it pursuant to 28 U.S.C. § 1331.

## II. Material Facts

The Amended Complaint **(#22)** alleges the following facts material to the issues before

the Court. On July 3, 2007, in the course of investigating some sort of criminal activity, Officer Maurer entered Ms. Espinoza's home without a warrant and took Ms. Espinoza into custody. Without giving any advisements under *Miranda v. Arizona*, 384 U.S. 436, (1966),[1] Officer Maurer questioned Ms. Espinoza. During this encounter, Ms. Espinoza made certain statements, which were used in Officer Maurer's July 4, 2007 Affidavit in Support of Warrantless Arrest and at her subsequent criminal trial. Ms. Espinoza was convicted of the state charges. Her conviction in currently on direct appeal in the Colorado Court of Appeals.

Ms. Espinoza brought this action on July 13, 2009, alleging a single claim pursuant to 42 U.S.C. § 1983, that Officer Espinoza's failure to provide *Miranda* advisements prior to questioning her violated her Fifth Amendment right not to be compelled to be a witness against herself.

### III. Issues Presented

Before addressing the issues inherent in the motions before the Court, it first determines whether it has subject matter jurisdiction to resolve them. Only if the Court has appropriate jurisdiction can it address whether Officer Maurer is entitled to qualified immunity, whether officers are liable under section 1983 for failure to provide *Miranda* advisements, and whether Ms. Espinoza's claims are barred by the applicable statute of limitations.

### IV. Analysis

The existence of a pending state criminal action upon which this action is based gives

---

[1] Under *Miranda*, statements given during a custodial interrogation of a suspect may not admitted into evidence against the suspect unless four advisements are given to the suspect prior to the interrogation. *See* 384 U.S. at 479. These advisements, colloquially known as *Miranda* rights, are that the suspect has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires. *See Dickerson v. United States*, 530 U.S. 428, 435 (2000) (explaining the *Miranda* decision).

rise to questions of the application of *Younger v. Harris*, 401 U.S. 37 (1971).[2] Neither party having addressed such issues, the Court raises them *sua sponte*. *See Bellotti v. Baird*, 428 U.S. 132, 143 n.10 (1976); *Sanchez v. Wells Fargo Bank N.A.*, 307 Fed. App'x 155, 157 (10th Cir. Jan. 9, 2009) (unpublished).

Pursuant to *Younger* and its progeny, a federal court must abstain from exercising jurisdiction over an action when: (i) there is an ongoing state criminal, civil, or administrative proceeding; (ii) the state court provides an adequate forum to hear the claims raised in the federal complaint; and (iii) the state proceedings "involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies." *See Brown v. Day*, 555 F.3d 882, 887 (10th Cir. 2009). If these conditions are present, abstention is required unless extraordinary circumstances are present.

As to the first condition, the Court determines first whether there is an ongoing state proceeding and, if there is such a proceeding, whether it is a type that is afforded deference under *Younger*. *See Brown*, 555 F.3d at 888. Here, there is an ongoing state court appeal, in which Ms. Espinoza challenges her conviction based, at least in part, upon evidence of statements she made allegedly without proper advisement. The Colorado Court of Appeals has not rendered a decision in her case. *See Parkhurst v. Wyoming*, 641 F.2d 775, 777 (10th Cir. 1981) (applying *Younger* doctrine when state criminal appeal was pending). Criminal cases are a type of state proceeding that ordinarily is due deference under *Younger*.[3] *See Younger*, 401

---

[2] The case may also raise issues under *Heck v. Humphrey*, 512 U.S. 477 (1994), but the parties did not raise this issue and, therefore, the Court does not address it.

[3] Because the state court proceeding here is criminal in nature and, therefore, due *Younger* deference, it is not necessary to engage in the remedial/coercive test for determining what types of state court proceedings are afforded *Younger* deference. *See Brown*, 555 F.3d at 889–90 (articulating the remedial/coercive test to determine whether a pending administrative proceeding was due deference under *Younger*).

U.S. at 43–44; *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 626 (1986); *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004) (noting that the classic example of *Younger* abstention is when a federal action seeks to enjoin a pending state criminal proceeding).

Second, Ms. Espinoza's state court direct appeal provides an adequate forum for her to initially address the constitutional claims raised in this case. *See Amanatullah v. Colo. Bd. Med. Exam'rs*, 187 F.3d 1160, 1164 (10th Cir. 1999) (concluding that it was sufficient for purposes of *Younger* abstention that the plaintiff could raise his civil rights complaints in the state court judicial review of administrative proceedings). The *Younger* doctrine applies to federal claims for monetary relief. *See Unified Sch. Dist. No. 437*, 392 F.3d at 1228; *Parkhurst*, 641 F.2d at 777 (applying *Younger* in a section 1983 action). This is true even though the pending state claim is of a criminal nature. As noted above, it appears from the pleadings that Ms. Espinoza's direct appeal in state court is based, at least in part, on the Fifth Amendment violation that forms the basis of her claim in this action. Thus, at a minimum, the damages which Ms. Espinoza seeks may be affected by the outcome in the criminal case. Even more broadly, the findings made in the state case may have application in this action.[4]

Finally, as a criminal matter, the state case involves important state interests that traditionally look to state law for their resolution. Without question, the State of Colorado has a substantial interest in prosecuting individuals who violate its laws and the resolution of state crimes can only be determined by reference to those state laws.

---

[4] The *Younger* doctrine is particularly applicable here because the state court proceeding may rectify any constitutional violations. *See Weitzel v. Div. of Occupational & Prof'l Licensing*, 240 F.3d 871, 876 (10th Cir. 2001).

Finding that the three conditions of *Younger* are satisfied, the Court must abstain from exercising jurisdiction in this action unless extraordinary circumstances are present. Extraordinary circumstances exist if (a) there was bad faith or harassment by the state officials responsible for the prosecution or enforcement action or (b) the state law or regulation to be applied is "flagrantly and patently violative of express constitutional prohibitions." *See Brown*, 555 F.3d at 888 n.4. Construing the allegations of the Amended Complaint most favorably to Ms. Espinoza, it does not appear that any such circumstances are present.

However, because this case is a civil action subject to a statute of limitation and there is no anticipated time when the state court proceedings will be concluded, the Court finds that a stay, rather than a dismissal, is appropriate. *See id.*; *see also Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996) (concluding that a district court does not have the power to dismiss or remand cases based on abstention when the relief sought is damages). Anticipating that resolution of the state court proceedings could take a substantial amount of time, administrative closure of this case is also appropriate. The case shall be reopened upon motion by a party, made within ninety days of the conclusion of the state court proceedings, demonstrating such conclusion.

**IT IS THEREFORE ORDERED** that

    (1)    Defendant Darren Maurer's Motion to Dismiss **(#10)**, Motion to Stay Proceedings **(#12)**, and Renewed Motion to Dismiss **(#28)** are denied without prejudice.

    (2)    The action is stayed pending conclusion of the state court proceedings.

    (3)    The Clerk of Court shall administratively close the case. The case may be reopened upon the request of either party.

Dated this 5th day of March, 2010

                               **BY THE COURT:**

                               Marcia S. Krieger
                               United States District Judge